IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0551-10





WILLIAM THOMAS LEONARD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TARRANT COUNTY





 Hervey, J., filed a concurring opinion in which Keller, P.J., and Keasler,
J., joined.


CONCURRING OPINION 



 I join the Court's opinion, but I write separately to comment that the dissent
disregards a key part of our holding in Hernandez v. State, 116 S.W.3d 26 (Tex. Crim.
App. 2003). In Hernandez, we emphasized that appellate courts may not be "independent
scientific sleuths to ferret out the appropriate scientific materials." Id. at 31. The trial
court is the proper venue for the presentation of scientific articles and learned treatises.
Id. at 30. After all, "[t]he trial court hearing is the main event for Daubert/Kelly
gatekeeping hearings; it is not a try-out on the road to an appellate scientific seminar." Id.

 Although the dissent cites to Hernandez, it does precisely that which we prohibited
by relying on Professor Faigman's Modern Scientific Evidence and the National Research
Council's The Polygraph and Lie Detection, materials not presented to the trial court. 
"An appellate court that consults scientific literature on its own initiative thrusts itself into
the position of a fact finder-a position appellate courts traditionally do not occupy and for
which they are ill-suited." Hernandez, 116 S.W.3d at 32 (Keller, P.J., concurring).

 With these comments, I join the Court's opinion. 

 Hervey, J.

Filed: March 7, 2012

Publish